UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

TAHIIRU CHERICHERI,

        Plaintiff,

        -against-

THE CITY OF NEW YORK, NYPD DETECTIVE
RAFAEL TATIS, and POLICE OFFICER JOHN
DOE,

        Defendants.

-----------------------------------------------------------------X

Civil Action No. 14 CV 7270

KNF

**JURY TRIAL DEMANDED**

ECF Case

Plaintiff, TAHIIRU CHERICHERI, by his attorneys, Chevone T. Toscano, hereby brings this action under 42 U.S.C. 1983 to redress his civil and legal rights and alleges as follows:

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff, TAHIIRU CHERICHERI (hereinafter, MR. CHERICHERI"), seeks relief for the defendants' violations of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. MR. CHERICHERI seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) in that the Defendant CITY OF NEW YORK is administratively located within the Southern District of New York, and the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff TAHIIRU CHERICHERI") is a resident of Bronx County in the City and State of New York.

7. Defendant City of New York is a municipal entity organized under the laws of the State of New York. It operates the NYPD, a department or agency of Defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Detective RAFAEL TATIS ("TATIS"), Shield number 011230, at all times relevant herein, was an officer, employee and agent of the NYPD. TATIS is being sued in his individual and official capacity.

9. Defendant Police Officer JOHN DOE ("OFFICER JOHN DOE"), at all times relevant herein, was an officer, employee and agent of the NYPD. OFFICER JOHN DOE is being sued in his individual and official capacity.

10. At all times relevant, defendant OFFICER JOHN DOE was a police officer, detective or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendant John Doe (hereinafter, "OFFICER JOHN DOE").

11. At all times relevant herein, defendant OFFICER JOHN DOE was acting as agent, servant and employee of Defendant City of New York and the NYPD. Defendant OFFICER JOHN DOE is sued in his individual and official capacity.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## NOTICE OF CLAIM

13. Within ninety days after claims rose, Plaintiff filed Notice of Claim upon Defendant City of New York by delivering copies of the Notices to the person designated by law to be a person to whom such claims may be served.

14. The Notice of Claim set out the nature of the claim, the time when and the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff.

15. The City of New York has failed and neglected to adjust the claims within the statutory period.

16. This action has been commenced within one year and ninety days after the happening of the events upon which these claims arise.

**STATEMENT OF FACTS**

17.     On September 11, 2013 at or near 2780 University Avenue, Bronx New York at approximately 11:00 pm, MR. CHERICHERI was lawfully in his vehicle, to wit, a Black 2007 Land Rover Sports Utility Vehicle, as he was looking for a parking space to comply with New York's alternate side street parking.

18.     At or about 11:05 pm, MR. CHERICHERI noticed an unmarked car following him as he circled the block looking for an available parking space.

19.     MR. CHERICHERI circled the block to see if there was a parking space available around the corner.  As he approached the red light, MR. CHERICHERI stopped his car at which time he noticed red flashing lights from the unmarked vehicle behind him.

20.     The officer in the unmarked vehicle, later known to be POLICE OFFICER RAFAEL TATIS Shield number 011230, ordered MR. CHERICHERI to pull his vehicle over and stop the car by Defendant Tatis.

21.     MR. CHERICHERI humbly and immediately complied with TATIS's order.

22.     TATIS was in the car with another officer, whose name is unknown at this time.

23.     MR. CHERICHERI complied with the officer's command and the two officers then approached claimant's car, one officer on each side of the car, and told MR. CHERICHERI to place his hands on the steering wheel.

24.     The officer then asked MR. CHERICHERI for his license and registrations.

25.     MR. CHERICHERI had purchased the vehicle a week before this incident and had the title to the car in his possession.  The Officer asked MR. CHERICHERI for his paper work.

26. As MR. CHERICHERI handed the officer his documents, defendant OFFICER JOHN DOE asked MR. CHERICHERI where he was from.

27. MR. CHERICHERI stated that he was from Nigeria.

28. Defendant TATIS then asked MR. CHERICHERI why his eyes were red and MR. CHERICHERI stated that he was tired.

29. Defendant Tatis then said to Defendant OFFICER JOHN DOE, "Did you hear this fucking African talking about he's tired? I'm more fucking tired than him!"

30. At that time, the two officers walked back to their vehicle and OFFICER JOHN DOE made a phone call.

31. At that time, both officers came back to the car and asked MR. CHERICHERI to step out of the car.

32. Officer Tatis instructed MR. CHERICHERI to put his hands on the vehicle and to face it.

33. Officer Tatis then searched MR. CHERICHERI in a forceful manner using unnecessary and excessive force.

34. Tatis placed MR. CHERICHERI in handcuffs and tightened them on MR. CHERICHERI.

35. OFFICER JOHN DOE then asked Tatis, "What do we do now?"

36. Officer Tatis then responded, "I will go in the car with him and you drive his car."

37. Officer Tatis never told MR. CHERICHERI he was under arrest.

38. MR. CHERICHERI asked Tatis whether he was being arrested. Tatis told MR. CHERICHERI, "You'll find out at the precinct."

39. At all times relevant, MR. CHERICHERI never resisted arrest.

40. As MR. CHERICHERI rode in the back of the unmarked vehicle, Defendant Tatis was driving erratically and MR. CHERICHERI asked him to slow down.

41. Officer Tatis continued to purposely and maliciously drive erratically instilling fear in MR. CHERICHERI while he transported MR. CHERICHERI to the precinct, and placed him in a holding cell.

42. MR. CHERICHERI asked if he could make a phone call but his request was denied.

43. MR. CHERICHERI was subsequently fingerprinted and was told to sign documents while in the holding cell and handcuffed.

44. MR. CHERICHERI was not given the opportunity to read the documents and Tatis purposely did not explain what the documents were and why they needed to be signed.

45. Subsequently, MR. CHERICHERI was released several hours later from the precinct on his own recognizance with a desk appearance ticket.

46. At all times during the encounter with Defendants Tatis and OFFICER JOHN DOE, MR. CHERICHERI acted in a lawful manner.

47. Defendant Tatis swore to all criminal complaints, allegations and charges under oath as true.

48. On January 9, 2014, all charges were dismissed, with prejudice, on the motion of the District Attorney of Bronx County.

49. As a result of the events alleged herein, MR. CHERICHERI continues to suffer pain, emotional trauma, discomfort, humiliation, fear, anxiety and embarrassment, among other things.

## **FIRST CLAIM: 42 U.S.C. § 1983**

50. MR. CHERICHERI repeats and re-alleges each and every allegation as if fully set forth herein.

51. Defendants, by their conduct toward MR. CHERICHERI alleged herein, violated MR. CHERICHERI's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

52. As a direct and proximate result of this unlawful conduct, MR. CHERICHERI was subjected to great physical and emotional pain and humiliation, was deprived of his liberty and was otherwise damaged or injured.

## **SECOND CLAIM: UNLAWFUL STOP AND SEARCH**

53. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

54. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## **THIRD CLAIM: FALSE ARREST**

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

58. As a direct and proximate result of this unlawful conduct, MR. CHERICHERI sustained the damages hereinbefore alleged.

## FOURTH CLAIM: FAILURE TO INTERVENE

59. Plaintiff repeats and realleges each· and every allegation as if fully set forth herein.

60. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

61. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

62. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM: MALICIOUS PROSECUTION

63. Plaintiff repeats and realleges each· and every allegation as if fully set forth herein.

64. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

65. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

66. As a direct and proximate result of defendants' unlawful actions, MR. CHERICHERI has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

67. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

68. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM: ASSAULT AND BATTERY

69. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

70. By the conduct and actions described above, Defendants TATIS and OFFICER JOHN DOE inflicted the torts of assault and battery upon Plaintiff. The acts and conduct of Defendants TATIS and OFFICER JOHN DOE were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71. Defendants TATIS and DOE's acts constituted an assault upon Plaintiff in that they intentionally attempted to injure Plaintiff or commit a battery upon him, and further

that Defendants TATIS and OFFICER JOHN DOE's acts represented a grievous affront to Plaintiff.

72. Defendants TATIS and OFFICER JOHN DOE's acts constituted a battery upon Plaintiff in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

73. The actions of Defendants TATIS and OFFICER JOHN DOE were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants TATIS and DOE knew, or should have known, that his actions were without the consent of Plaintiff.

74. The injuries sustained by Plaintiff were caused wholly and solely because of the conduct described, and Plaintiff did not contribute thereto.

75. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

## NINTH CLAIM MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS

### MONELL CLAIM AGAINST THE CITY OF NEW YORK· 42 U.S.C. §1983

76. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

77. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by MR. CHERICHERI as a result of the conduct of the defendants. The conduct of the defendant officers was a direct consequence of policies and practices of Defendant CITY OF NEW YORK.

78. At all times relevant to this complaint Defendant CITY OF NEW YORK, acting through the NYPD, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

.

### NINTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

79. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

80. Defendants TATIS and OFFICER JOHN DOE's conduct, in assaulting and battering MR. CHERICHERI, was careless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

81. The acts and conduct of Defendants TATIS and OFFICER JOHN DOE were the direct and proximate cause of injury and damage to MR. CHERICHERI and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

82. As a result of the foregoing, Plaintiff was deprived of his her liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

83. At all times relevant to this complaint, Defendant CITY OF NEW YORK, acting through its police department, and through the individual defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the violation of and/or retaliation for individuals'

## **TENTH CLAIM: NEGLIGENCE**

84. Defendants TATIS and OFFICER JOHN DOE, while acting as agents and employees for Defendant CITY OF NEW YORK, in their capacity as police officers for the CITY OF NEW YORK, owed a duty to Plaintiff to perform their police duties without the use of excessive force.

85. Defendant TATIS' use of force upon MR. CHERICHERI, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or to others constitutes negligence for which Defendants TATIS and DOE are individually liable.

86. Defendants TATIS and DOE use of force upon MR. CHERICHERI when Defendants TATIS and DOE had no lawful authority to arrest MR. CHERICHERI or to use force against MR. CHERICHERI constitutes negligence for which Defendants TATIS and DOE are individually liable.

87. As a proximate result of Defendants TATIS and DOE's negligent use of excessive force, MR. CHERICHERI sustained physical and emotional pain and suffering, and was otherwise damaged and injured.

88. The existence these unconstitutional customs and policies, specifically as it relates to men of African descent driving luxury cars, is evidenced by the countless repeated occurrences of similar wrongful conduct documented in the City of New York.

89. The existence these unconstitutional customs and policies, specifically as it relates to men of color, is evidenced by the countless repeated occurrences of similar wrongful conduct in the City of New York over the past year

**ELEVENTH CLAIM: RESPONDEAT SUPERIOR LIABILITY**

90. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

91. The conduct of Defendants TATIS and DOE alleged herein occurred while they were on duty in and during the course and scope of their duties and functions as a New York City Police officer, and while he was acting as an agent, officer, servant and employee of Defendant CITY OF NEW YORK.

92. As a result, Defendant CITY OF NEW YORK is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

93. Despite its knowledge of such incidents of prior misconduct, the CITY OF NEW YORK failed to take remedial action.

94. It was the policy and/or custom of the CITY OF NEW YORK to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the CITY OF NEW YORK,

95. It was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise and discipline its police officers, including the defendant officers, thereby failing to discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers engaged in police misconduct.

96. As a result of the above described policies and customs, police officers of the CITY OF NEW YORK, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of the

CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiffs' *rights* alleged herein.

### TWELFTH CLAIM: NEGLIGENT SUPERVISION, RETENTION AND TRAINING

97. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

98. Defendant CITY OF NEW YORK negligently trained, retained, and supervised Defendants TATIS and DOE. The acts and conduct of Defendants TATIS and DOE were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

99. As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    a.    Compensatory damages in the amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    The convening and empanelling of a jury to consider the merits of the claims herein;

    d.    Costs, interest and attorney's fees; and

    e.    Such other and further relief as this Court may deem just and proper.

Dated: Fresh Meadows, NY
       September 2, 2014

                                                      THE TOSCANO FIRM, PC

                                    By:  _____
                                                     CHEVONE T. TOSCANO, ESQ.
                                                     Attorneys for Plaintiff
                                                     61-43 186th Street
                                                     Fresh Meadows, NY 11365
                                                     (718) 614-8562